**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

WILLIE LEE WHITFIELD,

    Petitioner,

v.                                                               Civil Action No. 3:07cv417

GENE M. JOHNSON,

    Respondent.

**MEMORANDUM OPINION**

Petitioner Willie Lee Whitfield, a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Whitfield challenges his conviction for possession of cocaine with the intent to distribute. Respondent filed a motion to dismiss and appropriate *Roseboro* notice. Whitfield has responded and the matter is ripe for disposition. Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

**I. Procedural History**

**A.**     **State Court Proceedings and Direct Appeal**

After a trial in the Circuit Court of the City of Suffolk ("Circuit Court"), a jury found Whitfield guilty of possession of cocaine with the intent to distribute. On August 25, 2005, the Circuit Court followed the jury's recommendation and sentenced Whitfield to nine (9) years incarceration.

Whitfield appealed his conviction to the Court of Appeals of Virginia on January 5, 2006, challenging the sufficiency of the evidence to sustain his conviction. On April 19, 2006, a single judge refused Whitfield's petition for appeal.

On August 11, 2006, a three-judge panel denied Whitfield's petition for appeal. The Virginia Supreme Court refused Whitfield's appeal on January 25, 2007.

**B.** **State Habeas Petition**

On February 14, 2007, Whitfield filed a state petition for a writ of habeas corpus. In this petition, Whitfield raise three (3) ineffective assistance of counsel claims. Whitfield claimed that his counsel was ineffective for: (1) failing to investigate the certificate of analysis that allegedly lacked sufficient specificity about whether the substance tested was in powder or solid form; (2) failing to move to dismiss evidence or otherwise rebut the chain of custody of the evidence; and, (3) failing to accord Whitfield sufficient opportunity to meet with the prosecution and failing to subpoena a lab chemist.

On March 29, 2007, Respondent filed a motion to dismiss Whitfield's state habeas petition. The Virginia Supreme Court granted Respondent's motion and dismissed Whitfield's state habeas petition on June 26, 2007.

**C.** **Federal Habeas Petition**

On July 17, 2007, Whitfield filed the instant petition for writ of habeas corpus, raising the following claims, presented below verbatim, with capitalization corrected:

    Claim A:    Counsel's failure to do an appropriate investigation, both factual and legal to determine the facts and matters for a defense. Counsel's failure to investigate, violated the Petitioner's 6th U.S.C.A. right to effective assistance of counsel, and violated Petitioner's 14th U.S.C.A. right under the due process clause to receive a fair trial.

    Claim B:    Counsel's representation fell below an 'objective standard of reasonableness: Counsel's failure to "motion for dismissal of evidence based on 'alteration, tampering, and a probability of substituted evidence: Counsel's failure to 'rebut the chain of custody of that evidence leading up into admission into evidence, violated Petitioner's 6th U.S.C.A. right to

>   effective assistance of counsel: violated Petitioner's 14th U.S.C.A. right under the due process clause to receive a fair trial.
>
> Claim C: Counsel's failure to 'accord the petitioner the 'ample opportunity to meet the case of the prosecution' to which he is entitled to: counsel's failure to "subpoena lab chemist who performed such analysis to 'questioning to the standard procedures on the testing of controlled substances, and to verify what was sent to lab: what condition the controlled substance was in, and to verify how results were determined, violated Petitioner's 6th U.S.C.A. right to effective assistance of counsel, violated Petitioner's 6th U.S.C.A. right under the confrontation clause, and violated the Petitioner's 14th U.S.C.A. right under the due process clause to receive a fair trial.
>
> Claim D: The prosecution failed to prove beyond a reasonable doubt every fact and element that constitutes the charge. Violated Petitioner's 14th U.S.C.A. right under the due process clause to receive a fair trial.

(Mem. in Supp. of State [sic] Writ of Habeas Corpus Pet. ("Pet'r's Mem.") 3-4.)

## II. Summary of the Record

The Court of Appeals summarized the evidence as follows:

> [A]t approximately 7:00 p.m. on November 13, 200[4], Investigator Marcus Young and two other officers were on patrol in an undercover police car in an area known to the police as an open-air drug market. The officers observed [Whitfield] and an unidentified male standing together on the side of the road. As Young approached, both men moved towards the vehicle and conversed with Young. [Whitfield] asked Young what he "need[ed]," and the officer responded, "a twenty." [Whitfield] stated he would get it and walked onto the porch of a nearby residence. [Whitfield] knocked on the door and entered. He returned moments later, placed his hand inside the vehicle, and attempted to give two pieces of what appeared to be crack cocaine to Young. At that time, Young announced he was a police officer. [Whitfield]'s "hand dropped to his side and he released what appeared to be crack cocaine on the street." Young explained that a "struggle ensued" and that he pointed out the objects to another officer. That officer recovered what testing revealed was crack cocaine. Young identified the items at trial as the same items [Whitfield] attempted to hand him.

*Whitfield v. Commonwealth*, Record No. 2241-05-1 at 1-2 (Apr. 19, 2006).

### III. Standard of Review

This Court's power to grant relief by way of a writ of habeas corpus is circumscribed by 28 U.S.C. §§ 2254(d) and 2254(e)(1). Under Section 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). A petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* Under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that this standard places an additional hurdle before federal habeas petitioners to demonstrate not only that the state court's decision was erroneous or incorrect, but also that it was unreasonable. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

### IV. Analysis

**A.  Exhaustion**

"In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing," a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief. *Matthews v. Evatt*, 105 F.3d 907, 910 (4th Cir. 1997); *see also* 28 U.S.C. § 2254(b)(1)(A) (barring the granting of habeas corpus relief unless it appears that "the applicant has exhausted the remedies

available in the courts of the State"). Whitfield presented his Claims A, B, and C to the Supreme Court in his state habeas petition. He presented Claim D to the Supreme Court in his direct appeal. Therefore, Whitfield properly exhausted all of his claims.

**B.      Claims A, B, and C: Alleged Ineffective Assistance of Counsel**

Claims A, B, and C allege ineffective assistance of counsel. Claims of ineffective assistance of counsel are governed by the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Whitfield must prove that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This Court's review of counsel's performance must be highly deferential, applying "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, Whitfield must show that counsel's deficient performance actually prejudiced his defense to the extent that a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697. In addition, "an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996).

Claims A, B, and C all allege that Whitfield suffered ineffective assistance of counsel because his attorney, Denise Jackson, failed to investigate or otherwise challenge the nature of the crack cocaine presented at trial. Claim A alleges that Jackson failed to investigate the

5

Certificate of Analysis, which did not specify the condition of the substance that Young identified as crack cocaine.  Claim B alleges Jackson failed to investigate the chain of custody of the crack cocaine in evidence in part because, upon return from testing at the lab, the cocaine was in more than two pieces.  Claim C alleges that Jackson failed to subpoena the lab chemist as a witness to verify the chain of custody.

As part of the underlying state habeas petition, Jackson stated in an affidavit that: "[Whitfield's] theory did not focus on the composition of the contraband, but on a defense [of] mistaken identity, making the analysis of the substance involved substantially irrelevant." (Jackson Aff. 2.)  All evidence suggests that the substance seized from the crime scene, and the evidence presented at trial was crack, and not powder cocaine.  Jackson also indicated that she did not investigate further because were no breaks in the chain of custody and that the certificate of analysis was valid on its face. (Jackson Aff. 1-2.)  At trial, Young testified that the substance in evidence was the same crack cocaine Whitfield had attempted to hand to him, and confirmed the chain of custody.  (Trial Tr. 50:1-17, 51:5-54:18.)  Finally, Jackson explained that "[t]he chemist who performed the analysis was not subpoenaed because the certificate was not deficient, as more particularly set out above.  There was no basis to subpoena the chemist, attack the certificate, or to question the chain of custody." (Jackson Aff. 2.)  Considering all claims, including the fact that the cocaine at trial was in more than two pieces, the Virginia Supreme Court found that Jackson's representation was reasonable and that Whitfield was not prejudiced by any of Jackson's alleged failures.

Whitfield has not rebutted the state court's finding by clear and convincing evidence because he presents to this Court the same evidence considered by the Virginia Supreme Court.

6

*See* 28 U.S.C. § 2254(e)(1). The Court concludes that the underlying findings were reasonable, and Whitfield's ineffective assistance of counsel claims fail. Accordingly, the Court shall DISMISS Counts A, B, and C.

### C. Claim D: Sufficiency of the Evidence

Next, the Court considers Claim D which challenges the sufficiency of the evidence. In evaluating a claim of insufficient evidence, the Court must view the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A reviewing federal court must give deference to the findings of fact by the state courts, and this presumption of correctness applies to facts found by appellate as well as trial courts. 28 U.S.C. § 2254(d); *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 318. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. It is up to the trier of fact to resolve conflicts in the testimony and to weigh the evidence. *Id.* The "court may not substitute its view of the evidence for that of the jury." *Roach v. Angelone*, 176 F.3d 210, 219 (4th Cir.1999) (*citing Tuggle v. Thompson*, 57 F.3d 1356, 1369 (4th Cir. 1995) (*vacated on other grounds*, 516 U.S. 10 (1995)).

Whitfield appears to assert two separate reasons to challenge the sufficiency of the evidence that he possessed cocaine with the intent to distribute it. First, Whitfield claims that the prosecution failed to prove beyond a reasonable doubt that the evidence presented at trial was the same substance that Whitfield tried to sell when arrested, and the same substance tested by the

forensics lab. As discussed above, no breaks in the chain of custody occurred and the record lacks any evidence that the crack cocaine presented at trial was not the same crack cocaine that police recovered at the time of Whitfield's arrest.

Second, Whitfield argues that the prosecution failed to prove beyond a reasonable doubt that he "intentionally and consciously possessed,[] either actually or constructively, with knowledge of it's nature and character, together with the intent to distribute that said substance." (Pet'r's Mem. 30.) A review of the record in the light most favorable to Respondent convinces the Court that a rational factfinder readily could have found Whitfield guilty beyond a reasonable doubt. The Commonwealth established by direct testimony that, when approached by three undercover police officers, Whitfield asked one officer what he needed. When Officer Young asked for a "20," Whitfield instructed Officer Young where to meet him and left to get the cocaine. (Trial Tr. 46:13-47:1.) Whitfield went into a house and after a short time, returned to Officer Young. At that time, Whitfield had two pieces of crack cocaine in his hand. After Officer Young identified himself as a police officer, Officer Young saw Whitfield remove his hand from the car, lower his hands to his side, and drop two items to the ground. Subsequent tests revealed that the two items were crack cocaine. Although Whitfield originally denied possessing crack cocaine, he admitted possessing the crack cocaine at his sentencing hearing before the Circuit Court. (Sentencing Tr. 8:15-19.)

The state court's decision was neither contrary to, nor an unreasonable application of, federal law. *See* 28 U.S.C. § 2254(d)(1). The state court's decision also did not rest on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). Accordingly, Claim D will be DISMISSED.

## V.  Conclusion

Based on the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 9) is GRANTED.  Accordingly, the Petition (Docket No. 1) will be DISMISSED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: June 26, 2008